856 F.2d 194
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James HALL, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 87-6060.
 United States Court of Appeals, Sixth Circuit.
 Aug. 24, 1988.
 
 1
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and THOMAS G. HULL, Chief District Judge.*
 
 ORDER
 
 2
 James Hall appeals the district court's judgment dismissing his petition for writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Hall challenged the constitutionality of his jury conviction for accessory to rape claiming it was not supported by sufficient evidence, it was based on erroneous jury instructions and it was illegally supported by out-of-court statements admitted in violation of the sixth amendment confrontation clause.
 
 
 4
 The district court dismissed the petition concluding that Hall's trial was fundamentally fair.
 
 
 5
 Upon consideration, we conclude the district court properly dismissed the petition. Hall's conviction was supported by such evidence that any rational trier of fact could reasonably have found him guilty as an accessory to rape. See Jackson v. Virginia, 443 U.S. 307 (1979); Brown v. Davis, 752 F.2d 1142, 1144 (6th Cir.1985). We also conclude that the trial court properly instructed the jury on an alternative theory of rape and complicity. The alternative theory of rape was provided by the statute under which Hall was indicted, and the evidence warranted the complicity instruction because Hall was regarded as principal of the rape even though the evidence established that he only aided and abetted the offense. See Stone v. Wingo, 416 F.2d 857 (6th Cir.1969).
 
 
 6
 Finally, we conclude that Hall was not denied his rights under the confrontation clause. The statements made by his codefendants were not confessions and were only incriminating when linked to other evidence in the case. See Richardson v. Marsh, --- U.S. ----, 107 S.Ct. 1702 (1987).
 
 
 7
 Accordingly, we hereby affirm the judgment of the district court. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation